UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PETER NIKOLA PESIC et al.,

                        Plaintiffs,

        -against-

MAURITIUS INTERNATIONAL
ARBITRATION CENTRE LIMITED et al.,

                        Defendants.

23-CV-1100 (JMF)

MEMORANDUM OPINION
AND ORDER

JESSE M. FURMAN, United States District Judge:

By order dated April 17, 2023, the Court dismissed this *pro se* action, but granted

Plaintiff Peter Nikola Pesic leave to file a second amended complaint.[1]  *See* ECF No. 9.  On July

17, 2023, Plaintiff filed a second amended complaint.  ECF No. 12.  Later, on August 7, 2023, he

filed a third amended complaint, ECF No. 14, which is now the operative pleading.[2]  In his third

amended complaint, Plaintiff seeks declaratory relief, injunctive relief, and damages.

Plaintiff asserts civil claims under the federal Racketeer Influenced and Corrupt

Organizations ("RICO") Act and what appear to be claims under state law pursuant to the

Court's diversity jurisdiction.  For the reasons set forth below, the Court (1) dismisses Plaintiff's

claims in which Plaintiff seeks the criminal prosecution of any Defendant; (2) dismisses

Plaintiff's civil claims under RICO, against all Defendants, on improper venue grounds; and (3)

---

[1]    Pesic has paid the fees to bring this action.

[2]    The Court's April 17, 2023 Order explained that "[b]ecause Plaintiff Pesic does not
allege that he is an attorney, and asserts that Plaintiff Advisors is a sole proprietorship, the Court
understands that Plaintiff Advisors has no legal existence apart from Plaintiff Pesic, and that
Plaintiff Pesic is the true plaintiff in this action.  The Court will therefore collectively refer to
both plaintiffs as 'Plaintiff' in this order."  ECF No. 9 at 1 n.1.  Because there was no entity with
a separate legal existence, the Court reasoned that the typical rule barring *pro se* litigants from
representing entities was inapplicable.  The Court maintains this approach here, subject to
reconsideration in the event that any Defendant appears and raises the issue.

with respect to Plaintiff's remaining claims — namely, those asserted under state law against Defendant Talinka Trading Inc. ("TTI") and Defendant Tilley — directs the Clerk of Court to issue summonses as to those (and only those) two Defendants.

## STANDARD OF REVIEW

The Court has the authority to dismiss a complaint, even when the plaintiff has paid the fees to bring a civil action, if it determines that the action is frivolous, *see Fitzgerald v. First E. Seventh Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000), that the Court lacks subject matter jurisdiction, *see* Fed. R. Civ. 12(h)(3); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999), or that the Court is a wrong venue, *see* 28 U.S.C. § 1406(a). The Court also may dismiss an action, or a portion thereof, for failure to state a claim on which relief may be granted, "so long as the plaintiff is given notice and an opportunity to be heard." *Wachtler v. County of Herkimer*, 35 F.3d 77, 82 (2d Cir. 1994) (citation and internal quotation marks omitted). The Court is obliged, however, to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and to interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original).

## DISCUSSION

### A.  Private Prosecution

To the extent that Plaintiff brings claims in which he seeks the criminal prosecution of any Defendant, the Court must dismiss those claims. Plaintiff cannot initiate a prosecution in this Court because "the decision to prosecute is solely within the discretion of the prosecutor." *Leeke v. Timmerman*, 454 U.S. 83, 86-87 (1981). Neither Plaintiff nor the Court can direct prosecutors to initiate a criminal proceeding against anyone because prosecutors possess discretionary authority to bring criminal actions and they are "immune from control or

interference by citizen or court. . . ."  *Conn. Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 87 (2d Cir. 1972).  Accordingly, because Plaintiff lacks standing to cause the criminal prosecution of others, *see Linda R.S. v. Richard D.*, 410 U.S. 614, 618-19 (1973), the Court dismisses, for lack of subject matter jurisdiction, any claims in which he seeks the criminal prosecution of any Defendant, *see* Fed. R. Civ. P. 12(h)(3); *Mahon v. Ticor Title Ins. Co.*, 683 F.3d 59, 62 (2d Cir. 2012) ("If [a] plaintiff[] lack[s] Article III standing, a [federal] court has no subject matter jurisdiction to hear [his] claim." (internal quotation marks and citation omitted)).

**B.  Venue**

In its April 17, 2023 Order, the Court granted Plaintiff leave to amend his complaint to allege facts showing that this Court is a proper venue for his civil claims under RICO and for his claims under state law that are brought under the Court's diversity jurisdiction.  ECF No. 9 at 12-14.  Under the venue provision for civil claims brought under RICO, such claims "against any person may be instituted in the district court of the United States for any district in which such person resides, is found, has an agent, or transacts his affairs."  18 U.S.C. § 1965(a).[3]

Assuming without deciding that Plaintiff has alleged facts sufficient to show that he has standing with regard to his civil claims under RICO, which is doubtful, Plaintiff has alleged no facts showing that any Defendant is found, has an agent, or transacts its affairs within this District.  The Court therefore dismisses Plaintiff's civil claims under RICO, against all Defendants, because this Court is not a proper venue for those claims and because it is not in the interest of justice to transfer those claims.  *See* 28 U.S.C. § 1406(a).

---

[3]     For the purpose of this statute, the term "person" "includes any individual or entity capable of holding a legal or beneficial interest in property."  18 U.S.C. § 1961(3).

### C. Remaining Claims

Construing the third amended complaint liberally and interpreting it to assert the strongest claims that it suggests, *see Harris*, 572 F.3d at 72; *Triestman*, 470 F.3d at 474, the only claims remaining are those that Plaintiff asserts under state law against TTI and Tilley arising from their alleged failure to pay him the costs and/or fees that either or both of them allegedly owe him.  Even liberally construed, Plaintiff's allegations against the other Defendants do not raise any non-RICO claims.

Plaintiff appears to allege that he is a citizen of California, that TTI is a citizen of Samoa, and that Tilley is a citizen of Australia.  He also alleges that his claims under state law against these Defendants exceed the sum or value of $75,000.  Thus, the Court appears to have diversity jurisdiction to consider Plaintiff's claims under state law against TTI and/or Tilley.  *See* 28 U.S.C. § 1332(a)(2).

In addition, because Plaintiff alleges that, at the time that he commenced this action in this Court, he held the property that is the subject of this action — Alkaline Water Company securities allegedly owned by TTI and/or Tilley — in custody for either or both of these Defendants in a bank account in New York, New York, this Court may be a proper venue for Plaintiff's claims under state law against them.  *See* 28 U.S.C. § 1391(b)(2).

Finally, Plaintiff alleges facts showing that he has standing to assert claims under state law against TTI and/or Tilley arising from either or both of these Defendants' alleged conduct that directly injured him — their alleged failure to pay Plaintiff the costs and/or fees either or both of them owe him for services rendered and/or fees incurred.  *See Valley Forge Christian Coll. v. Americans United for Separation of Church and State*, 454 U.S. 464, 472 (1982) (standing requirements).

## CONCLUSION

For the reasons explained above, the Court:

- dismisses Plaintiff's claims seeking the criminal prosecution of any Defendant for lack of subject matter jurisdiction; and

- dismisses Plaintiff's civil claims under RICO against all Defendants because they are filed in the wrong venue.

The Clerk of Court did not issue Plaintiff summonses in this action because the Court directed the Clerk of Court not to do so unless ordered by the Court. *See* ECF No. 9, at 14. The Court now lifts that restriction with respect to Defendant Talinka Trading Inc. and Defendant Tilley. Plaintiff shall serve these Defendants within ninety days from the date that summonses are issued for them. If service abroad is required and Plaintiff seeks additional time to effect service of process, Plaintiff shall request an extension of time to do so within ninety days from the date that the summonses are issued. If within those ninety days, Plaintiff has not either effected proper service or requested an extension of time to do so, the Court may dismiss Plaintiff's claims against under Rule 41 of the Federal Rules of Civil Procedure for failure to prosecute.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to issue summonses as to Defendant Talinka Trading Inc.

and Defendant Tilley.

SO ORDERED.

Dated:    August 31, 2023
          New York, New York

_____
JESSE M. FURMAN
United States District Judge