UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
:
PETER NIKOLA PESIC et al., :
:
Plaintiffs, :
: 23-CV-1100 (JMF)
-v- :
: MEMORANDUM OPINION
MAURITIUS INTERNATIONAL ARBITRATION : AND ORDER
CENTRE LTD. et al., :
:
Defendants. :
:
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

By Order dated August 31, 2023, the Court permitted the issuance of summonses as to Defendant Talinka Trading Inc. ("Talinka") and Defendant Barry Tilley, and instructed Plaintiff — who is proceeding *pro se* — to serve these defendants or request an extension of time to do so within ninety days from the date the summonses were issued. *See* ECF No. 17. On December 21, 2023, Plaintiff sought an additional ninety days to effectuate service, which the Court granted. ECF Nos. 22-23. On January 24, 2024, Plaintiff filed a motion for alternate service, ECF No. 24, and a week later filed a certificate of service as to Talinka, ECF No. 25. The Court issues this Order to address both of Plaintiff's most recent filings.

### SERVICE PURSUANT TO FED. R. CIV. P. 4(F)(2)(C)(II)

Beginning with Talinka, Plaintiff asserts that service "pursuant to Rule 4(f)(2)(C)(ii) of the Federal Rules of Civil Procedure has been completed," noting that, "[o]n January 9, 2024, [Plaintiff] received an email from DHL notifying [him] that the shipment sent to registered agent for Defendant Talinka Trading Inc. in Apia, Samoa was delivered." ECF No. 25. As Samoa is

not a signatory to the Hague Service Convention,[1] service under Rule 4(f)(2) — as a general matter — appears to be appropriate. That said, it is not clear that service here was proper.

The problem is not the absence of an electronic copy of the recipient's signature on the DHL Proof of Delivery. *See* ECF No. 24, at 2. True, Rule 4(*l*)(2)(B) generally calls for proof of service made under Rule 4(f)(2) "by a receipt signed by the addressee," but "[t]his provision may be satisfied 'by other evidence satisfying the curt that the summons and complaint were delivered to the addressee,' and '[f]ailure to prove service does not affect the validity of service.'" *NYKCool A.B. v. Pacific Int'l Servs., Inc.*, No. 12-CV-5754 (LAK) (AJP), 2013 WL 6799973, at *8 (S.D.N.Y. Dec. 20, 2013) (quoting Fed. R. Civ. P. 4(*l*)(2)(B) and 4(*l*)(3)); *see also Morse v. Elmira Country Club*, 752 F.2d 35, 39-40 (2d Cir. 1984)). Where the Clerk's Certificate of Mailing indicated that the summons and Third Amended Complaint were served "pursuant to the provisions of FRCP 4(f)(2)(C)(ii)" through DHL, ECF No. 20, and the DHL tracking information indicates that the delivery was in fact signed, ECF No. 24 Ex. D, the Court is satisfied that this *method* of service complies with Rule 4(f)(2)(C)(ii). *See Appel v. Hayut*, No. 20-CV-6265 (JPC), 2021 WL 2689059, at *6 (S.D.N.Y. June 30, 2021) (citing *Evriholder Prod. LLC v. Simply LBS Ltd. Co.*, No. 17-CV-4329 (RA) (BCM), 2020 WL 7060336, at *3 (S.D.N.Y. Apr. 21, 2020)).

The problem is that it is not clear that the recipient, Intertrust Limited, is in fact a registered agent of Talinka or, more fundamentally, whether or how service upon a registered agent satisfies the requirements of Rule 4(f)(2)(C)(ii), which contemplates mail sent "*to the*

---

[1]   *See Status Table, Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters*, Hague Conf. on Private Int'l L., *available at* https://www.hcch.net/en/instruments/conventions/status-table (last visited February 1, 2024).

*individual*" (or corporation) being served. Accordingly, it is hereby ORDERED that Plaintiff show cause in writing by **February 26, 2024**, why service upon Intertrust Limited qualifies as adequate service upon Talinka pursuant to Rule 4 of the Federal Rules of Civil Procedure. If Plaintiff fails to show cause or does not file anything by the deadline, the Court will dismiss Plaintiff's claims against Talinka without further notice.

## MOTION FOR ALTERNATE SERVICE

The Court now turns to Plaintiff's motion for alternate service. Plaintiff seeks to serve Defendant Tilley in Australia, which *is* a signatory to the Hague Service Convention,[2] but has not — to the Court's knowledge — attempted to serve Tilley pursuant to the Convention. Although a plaintiff is "not required to attempt service through the Hague Convention before seeking alternative service," *Grp. One Ltd. v. GTE GmbH*, 523 F. Supp. 3d 323, 342 (E.D.N.Y. 2021), it is the practice of many courts in this Circuit to require "(1) a showing that the plaintiff has reasonably attempted to effectuate service on the defendant, and (2) a showing that the circumstances are such that the court's intervention is necessary" before granting a motion for alternate service under Rule 4(f)(3), *Social Enter. LLC v. Sociedad Agricola Cato S.A.*, No. 15-CV-4158 (RJD), 2015 WL 13743436, at *3 (E.D.N.Y. Oct. 6, 2015) (quoting *United States v. Lebanese Canadian Bank SAL*, 285 F.R.D. 262, 267 (S.D.N.Y. 2012)); *accord Cunningham v. Gen. Motors LLC*, No. 20-CV-3097 (AKH), 2020 WL 4748157, at *1-2 (S.D.N.Y. Aug. 17, 2020). The Court adheres to this approach and finds that here, "[s]ince Plaintiff has not established that []he made any effort to serve [Tilley pursuant to the Hague Service Convention], leave under Rule 4(f)(3) is not warranted." *Vega v. Hastens Beds, Inc.*, 339 F.R.D. 210, 223

---

[2] *See Status Table, Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters*, *supra* note 1.

(S.D.N.Y. 2021).  Plaintiff's *pro se* status does not excuse him from the general service requirements of Rule 4.  *See Doe v. Federal Republic of Germany*, No. 23-CV-6395 (VSB) (GS), 23 WL 8096911, at *3-4 (S.D.N.Y. Nov. 21, 2023).

Accordingly, Plaintiff's motion for alternate service, ECF No. 24, is DENIED, without prejudice to renewal in the event that he attempts but fails to effect service pursuant to the Hague Convention.  To the extent Plaintiff seeks alternate service as to Talinka, such request is also denied in light of Plaintiff's representation that Talinka has in fact been served properly, without prejudice to renewal if the Court determines, upon review of the submissions to be filed by Plaintiff, that Talinka has *not* to date been served pursuant to Rule 4(f)(2)(C)(ii).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to terminate ECF No. 24.

SO ORDERED.

Dated: February 6, 2024
New York, New York

JESSE M. FURMAN
United States District Judge