UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                        :

PETER NIKOLA PESIC et al.,             :

                            :

             Plaintiffs,       :

                            :          23-CV-1100 (JMF)

       -v-                  :

                            :      MEMORANDUM OPINION

MAURITIUS INTERNATIONAL ARBITRATION   :        AND ORDER
CENTRE LTD. et al.,               :

                            :

             Defendants.    :

                            :
-------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

By Order dated February 6, 2024, the Court denied without prejudice Plaintiff's motion for alternate service as to Defendant Barry Thomas Tilley, noting that under the usual practice of courts in this District, "since Plaintiff has not established that he made any effort to serve Tilley pursuant to the Hague Service Convention, leave under Rule 4(f)(3) is not warranted."  ECF No. 26, at 3 (cleaned up) (quoting *Vega v. Hastens Beds, Inc.*, 339 F.R.D. 210, 223 (S.D.N.Y. 2021)). On February 22, 2024, Plaintiff — who is proceeding *pro se* — filed a letter asking for the Court's assistance in effectuating Hague Service, namely, "that the Court direct[] the Clerk of the Court to forward, in duplicate, a copy of the Model Form . . . to be signed by the Clerk of the Court, a copy of Summons and a copy of Third Amended Complaint . . . to Australian Central Authority."  ECF No. 27.

"Article 3 of the Hague Convention 'does not create a singular obligation on the court to effectuate service of process . . . .  Rather, as is typically the case, that is Plaintiff's responsibility."  *Doe v. Fed. Rep. of Germany*, No. 23-CV-6395 (VSB) (GS), 2023 WL 8096911,

at *3-4 (S.D.N.Y. Nov. 21, 2023) (citing cases).  That is no less so because Plaintiff is

proceeding *pro se*.  Of course, "Plaintiff has a right to represent himself in this litigation," but

where Plaintiff is not proceeding *in forma pauperis*, he may retain counsel for purposes of

effectuating Hague Service.  *See id.* at *3; *cf. Starostenko v. UBS AG*, 2023 WL 34947, at *2-3

(S.D.N.Y. Jan. 4, 2023) (noting that the court had "granted Plaintiffs' application for limited *pro*

*bono* counsel for the purpose of serving Defendants in accordance with the dictates of the Hague

Service Convention" where Plaintiffs were proceeding *pro se* and *in forma pauperis*).  What is

more, this District's Clerk's Office Foreign Mailing Instructions note, in discussing Hague

Service, that once the appropriate forms are completed, "the *litigants* must transmit them,

together with the documents to be served."  S.D.N.Y., Clerk's Office Foreign Mailing

Instructions, *available at* https://nysd.uscourts.gov/sites/default/files/2019-11/Foreign_Mailing_

Instructions.pdf (emphasis added).  Plaintiff does not cite, and the Court has not found, any

authority to the contrary.

Accordingly, Plaintiff's request for the Court's assistance in effectuating Hague Service

is DENIED.  The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order

would not be taken in good faith and, therefore, in forma pauperis status is denied for the

purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: February 26, 2024
  New York, New York            JESSE M. FURMAN
                 United States District Judge

2