```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
                                                                     :
PETER NIKOLA PESIC et al.,                                           :
                                                                     :
                              Plaintiffs,                            :
                                                                     :        23-CV-1100 (JMF)
              -v-                                                    :
                                                                     :     MEMORANDUM OPINION
MAURITIUS INTERNATIONAL ARBITRATION                                  :        AND ORDER TO
CENTRE LTD. et al.,                                                  :         SHOW CAUSE
                                                                     :
                              Defendants.                            :
                                                                     :
---------------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

By Order dated February 6, 2024, the Court directed Plaintiff to "show cause in writing by February 26, 2024, why service upon Intertrust Limited qualifies as adequate service upon" Defendant Talinka Trading Inc., cautioning that if he failed to do so by the deadline, the Court would "dismiss Plaintiff's claims against Talinka without further notice." ECF No. 26, at 2-3. Plaintiff did not file any response by the deadline or since the deadline. Accordingly, all claims against Defendant Talinka are hereby DISMISSED.

In the same Order, the Court also denied Plaintiff's motion for alternate service as to Defendant Barry Tilley because Plaintiff had "not established that he made any effort to serve Tilley pursuant to the Hague Service Convention" and thus had not shown "that the circumstances are such that the court's intervention is necessary." *Id.* at 3 (cleaned up). On February 22, 2024, Plaintiff filed a letter seeking the Court's assistance in effectuating service pursuant to the Hague Service Convention, ECF No. 27, a request the Court denied because "Article 3 of the Hague Convention 'does not create a singular obligation on the court to

effectuate service of process . . . . Rather, as is typically the case, that is Plaintiff's responsibility," ECF No. 28 (quoting *Doe v. Fed. Rep. of Germany*, No. 23-CV-6395 (VSB) (GS), 2023 WL 8096911, at *3-4 (S.D.N.Y. Nov. 21, 2023)). On March 25, 2024, Plaintiff filed a Declaration affirming that personal service had been effectuated upon Defendant Tilley — namely, that "Defendant accepted the service of summons in person, voluntarily, in front of offices of Matthew Dalton Lawyers at 82 Glenmore Road, Paddington, NSW, Australia at 1:10 pm local time on March 21, 2024" — purportedly pursuant to Rule 4(f)(1) of the Federal Rules of Civil Procedure and Article 10(c) of the Hague Service Convention. *See* ECF No. 29.

It is not clear that this service was proper under Rule 4(f)(1), which provides that service abroad may be effectuated "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague [Service] Convention." Fed. R. Civ. P. 4(f)(1). To be sure, Article 10(c) of the Convention states that, "[p]rovided the State of destination does not object, the present Convention shall not interfere with . . . the freedom of any person interested in a judicial proceeding to effect service directly through the judicial officers, officials or other competent persons of the State of destination." Hague Conf. on Private Int'l L., Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Art. 10(c). This has been held to authorize service effectuated by private process servers provided that such service is permissible under the receiving jurisdiction's law. *See, e.g.*, *Ingram Micro, Inc. v. Airoute Cargo Express, Inc.*, No. 99-CV-12480, 2001 WL 282696, at *6 (S.D.N.Y. Mar. 22, 2001) (finding personal service in Canada by a private process server was proper under Article 10(c) of the Hague Convention because Canada did not object to Article 10 when it became a signatory state). Australia did not object to Article

10, only adding a clarification with respect to mail service that has no bearing here,[1] and personal service by a private process server appears to be permitted by applicable law in New South Wales, Australia.[2]  But the Supreme Court in *Water Splash v. Menon*, 581 U.S. 271 (2017), noted that the Convention does not "affirmatively *authorize*[]" the means of service discussed in Article 10; instead, it merely "does not 'interfere with'" such service provided that it "is authorized under otherwise-applicable law."  *Id.* at 284; *see also Commodity Futures Trading Comm'n v. Mikkelsen*, No. 20-CV-3833 (JPC), 2021 WL 4207050, at *2 (S.D.N.Y. Aug. 27, 2021) ("Rule 4(f)(1) thus cannot serve as the basis for service by mail unless a party points to an international agreement besides Article 10(a) of the Hague Service Convention.").  Although *Water Splash* discussed only Article 10(a), its logic would seem to apply equally to Article 10(c).  If so, then personal service, even if permitted under Article 10(c), would not fall within the scope of Rule 4(f)(1).

That said, if personal service was not authorized by Article 10(c), it would follow that such service was authorized under Rule 4(f)(2) of the Federal Rules of Civil Procedure, which provides in relevant part that, "if there is no internationally agreed means [of service], *or if an international agreement allows but does not specify other means*, . . . unless prohibited by the

---

[1]    *See Declaration/Reservation/Notification (Australia)*, Hague Conf. on Private Int'l L., *available at* https://www.hcch.net/en/instruments/conventions/status-table/notifications/?csid=1062&disp=resdn (last visited Mar. 27, 2024).

[2]    Personal service is permitted in New South Wales, Australia.  *See* Uniform Civ. P. R. [NSW] 10.5(1)(a).  The Supreme Court of New South Wales' website provides that "[s]ervice of overseas documents in New South Wales may be arranged privately subject to the rules of the Court from which those documents originate."  *Foreign Documents and Proceedings*, Sup. Ct. New S. Wales, *available at* https://supremecourt.nsw.gov.au/practice-procedure/foreign-documents.html (last updated Sept. 2, 2023); *see also* Attorney General's Dep't, Australian Gov't, Service of Foreign Civil Legal Documents in Australia ("Incoming Requests") 6 (2018), *available at* https://www.ag.gov.au/sites/default/files/2020-03/CLU-PIL-prepare-request-for-service-in-australila-incoming.pdf.  *See also Shull v. University of Queensland*, No. 18-CV-1781 (APG) (PAL), 2018 WL 6834327, at *3 (D. Nev. Dec. 28, 2018).

foreign country's law, by . . . delivering a copy of the summons and of the complaint to the individual personally." Fed. R. Civ. P. 4(f)(2)(C)(i).  As noted, the Hague Service Convention arguably allows but does not specifically authorize personal service, Australia has not objected to Article 10, and applicable Australian law permits personal service by a private process server. *See supra* n.2.  Accordingly, the method of service upon Tilley described by Plaintiff — if corroborated — would appear to satisfy Rule 4(f)(2)(C)(i).  However, the only proof of service he attaches to his declaration is an email (not a sworn affidavit) from the purported process server and it does not indicate the name of the person served or the nature of the documents that were served.  *See* ECF No. 29, at 3 (Ex. A).  That is not adequate "evidence satisfying the court that the summons and complaint were delivered to the addressee." *In re Coudert Bros. LLP*, 2017 WL 1944162, at *5 (quoting Fed. R. Civ. P. 4(*l*)).  Indeed, Rule 4(*l*)(1) requires that, "[e]xcept for service by a United States marshal or deputy marshal, proof [of service] must be by the server's affidavit," Fed. R. Civ. P. 4(*l*)(1).

Accordingly, it is hereby ORDERED that Plaintiff show cause — by filing proof of service, including an affidavit by the process server, no later than **April 19, 2024** — why the Court should deem personal service to be properly effectuated upon Defendant Tilley.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and, therefore, in forma pauperis status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to terminate Talinka Trading Inc. as a Defendant.

SO ORDERED.

Dated: March 29, 2024
       New York, New York

                                              JESSE M. FURMAN
                                              United States District Judge

4