UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
PETER NIKOLA PESIC et al.,

                   Plaintiffs,

             -v-

MAURITIUS INTERNATIONAL ARBITRATION
CENTRE LTD. et al.,

                   Defendants.
------------------------------------------------------------------------X

23-CV-1100 (JMF)

MEMORANDUM OPINION
AND ORDER

JESSE M. FURMAN, United States District Judge:

In this suit, familiarity with which is presumed, *pro se* Plaintiff Peter Nikola Pesic, a U.S. citizen residing abroad, raises claims under the Racketeer Influenced and Corrupt Organizations ("RICO") Act, 18 U.S.C. §§ 1962 *et seq.*, against a host of entities and people, domestic and international. *See* ECF No. 44 ("Compl."). On November 19, 2024, the Court entered an Order directing Pesic to show cause (1) why his Fourth Amended Complaint (the "Complaint") should not be dismissed for failure to allege RICO standing, (2) why he should not be denied leave to file a Fifth Amended Complaint, (3) whether he could allege a plausible contract claim against three specific defendants, and (4) whether he is a U.S. citizen domiciled abroad (which would affect whether this Court has diversity jurisdiction over any state-law claim). *See* ECF No. 66 ("OTSC"), at 8-9. On December 16, 2024, Pesic filed a declaration regarding his domicile, *see* ECF No. 70, and an accompanying memorandum of law, *see* ECF No. 72 ("Pl.'s Mem."). Upon consideration of these submissions, the Court dismisses the Complaint for failure to allege RICO standing but grants Pesic leave to file a Fifth Amended Complaint alleging a breach of contract

claim against three defendants — Robert Sawatsky, Talinka Trading Inc. ("Talinka Trading"), and Barry Tilley — as to which the Court concludes it would have diversity jurisdiction.

The Court begins with Pesic's RICO claims. The November 19, 2024 Order highlighted deficiencies in Pesic's allegations of RICO standing based on the "speculative" nature of his alleged reputational harms and the "attenuated" nature of any causal relationship between any alleged RICO violation and Pesic's alleged financial injuries. OTSC 4-6. Pesic's response as to his reputational injury — stating without further elaboration that "he has suffered reputational harm, which in turn affected his income and growth," Pl.'s Mem. 5 — continues to be insufficient to establish RICO standing. As the Court previously made clear, "reputational injury supports a RICO claim *only* if a plaintiff can point to 'actual economic losses' such as those resulting from a 'specific lost business opportunity' and show how they occurred 'as a result' of the defendant's actions." OSTC 5 (quoting *Reich v. Lopez*, 38 F. Supp. 3d. 436, 450 (S.D.N.Y. 2014)). Put simply, Pesic's "conclusory contention that he has suffered serious damage to his reputation" is "insufficient for purposes of RICO standing." *Tarr v. Credit Suisse Asset Mgmt., Inc.*, 958 F. Supp. 785, 798 (E.D.N.Y. 1997) (internal quotation marks omitted).

Pesic's argument with respect to causation is also unavailing. He says his financial injury "stemmed directly from the Defendant's RICO violations" because two Defendants' use of a forged passport to confirm their identities prevented him from being able to "exercise his contractual rights, per Contract, and dispose of Defendants assets without being in violation of Section 326 of the PATRIOT Act," which in turn led him to accrue fees for his continued holding of certain securities. Pl.'s Mem. 6. This is precisely the sort of "intricate, uncertain" claim that the "element of proximate causation" was meant to prevent "from overrunning RICO litigation." *Empire Merchs., LLC v. Reliable Churchill LLLP*, 902 F.3d 132, 143 (2d Cir. 2018)

(quoting *Anza v. Ideal Steel Supply Corp.*, 547 U.S. 451, 460 (2006)); *see also Doe v. Trump Corp.*, 385 F. Supp. 3d 265, 278 (S.D.N.Y. 2019) ("[T]o state a civil RICO claim, the connection between the defendant's conduct and the plaintiff's injury must be direct and straightforward." (internal quotation marks omitted)).  Nothing indicates that Pesic's accrued fees would have been "anticipated as a natural consequence" of the passport forgery, *Hecht v. Com. Clearing House, Inc.*, 897 F.2d 21, 24 (2d Cir. 1990), and Pesic was not the "direct victim" of the crime, *Empire Merchs.*, 902 F.3d at 144.  His reliance on the RICO statute to seek relief is therefore misplaced, and his RICO claims must be and are dismissed.

That leaves the question of whether the Court should allow Pesic to amend his complaint yet again to allege a breach of contract claim against Sawatsky, Tilley, and Talinka Trading.  As an initial matter, the Court is preliminarily satisfied that it would have diversity jurisdiction over such a claim.[1]  Pesic avers in his declaration that his last permanent residential address was in San Francisco, California; that he is registered to vote in San Francisco; that he has substantial family connections to the San Francisco area; that he pays taxes in the United States; that he is only temporarily residing in South Africa for medical treatment; and that he plans to retire to Northern California in 2025.  *See* ECF No. 70.  Assuming the truth of these assertions and considering the "entire course of [Pesic's] conduct," *Brignoli v. Balch, Hardy & Scheinman, Inc.*, 696 F. Supp. 37, 41 (S.D.N.Y. 1988), the Court concludes that this is enough, at least at this

---

[1]   Strictly speaking, dismissal of Pesic's RICO claims would not strip the Court of subject-matter jurisdiction because "RICO standing is not a jurisdictional prerequisite." *Lerner v. Fleet Bank, N.A.*, 318 F.3d 113, 117 (2d Cir. 2003).  That said, where a plaintiff's sole federal claims are dismissed, courts exercise pendent jurisdiction only "rarely, sparingly, and in exceptional circumstances, if ever." *JLM Couture, Inc. v. Gutman*, 91 F.4th 91, 101 n.2 (2d Cir. 2024) (internal quotation marks omitted).

stage of the litigation, to establish that Pesic is a citizen of California and that the Court therefore would have subject-matter jurisdiction pursuant to 28 U.S.C. § 1332.

Additionally, the Court concludes that Pesic's memorandum — "construe[d] liberally" to raise "the strongest arguments [it] suggest[s]," *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017) (per curiam) — contains the outlines of a valid contract claim against Sawatsky, Tilley, and Talinka Trading, with whom he alleges he had contractual relationships that obligated them to "pay . . . commissions, charges and other costs" associated with his maintenance of their securities. Pl.'s Mem. 3. A plaintiff suing for breach of contract "must plead facts surrounding the formation of the contract such as the date the parties entered into the contract, the major terms of the contract, the parties to the contract, and that the party to be bound assented to the contract." *Shake Shack Enters., LLC v. Brand Design Co., Inc.*, 708 F. Supp. 3d 515, 523 (S.D.N.Y. 2023). Although Pesic's Fourth Amended Complaint contains none of those details, his memorandum demonstrates that, if granted leave to amend, he might well be able to add them to a Fifth Amended Complaint. *See* Pl.'s Mem. 3-4. For that reason, and because, "[i]n general, a court should grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile," *Thomas v. Carter*, 581 F. Supp. 3d 651, 656 (S.D.N.Y. 2022), the Court (once again) grants Pesic leave to amend his complaint to properly allege a claim for breach of contract against Sawatsky, Tilley, and Talinka Trading.

For the foregoing reasons, Pesic's Fourth Amended Complaint is dismissed, and he is GRANTED leave to file a Fifth Amended Complaint, **no later than February 24, 2025**, limited to contract claims against Sawatsky, Tilley, and Talinka Trading. If Pesic does not file an

4

amended complaint by that deadline, the Court will direct the Clerk of Court to enter judgment and close the case. (For avoidance of doubt: The Clerk of Court should *not* now close the case.)

SO ORDERED.

Dated: January 24, 2025
      New York, New York

                                              JESSE M. FURMAN
                                   United States District Judge