UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
:
PETER NIKOLA PESIC et al.,                                         :
:
                          Plaintiffs,                 :         23-CV-1100 (JMF)
:
         -v-                                        :        MEMORANDUM OPINION
:             AND ORDER
MAURITIUS INTERNATIONAL ARBITRATION   :
CENTRE LTD. et al.,                                                 :
:
                          Defendants.             :
:
-----------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

       On November 3, 2025, Plaintiff submitted an emergency application for counsel and judicial protection, "including allowance for sealed address filings and remote appearance by Plaintiff if necessary for safety," ECF No. 97, and a sworn declaration from a process server engaged to serve Defendant Robert Sawatsky. *See* ECF No. 98. In determining whether to grant an application for counsel in a civil case, the Court must consider "the merits of plaintiff's case, the plaintiff's ability to pay for private counsel, his efforts to obtain a lawyer, the availability of counsel, and the plaintiff's ability to gather the facts and deal with the issues if unassisted by counsel." *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989) (per curiam); *see* 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person *unable to afford counsel*." (emphasis added)). In reviewing requests for counsel, the Court must be cognizant of the fact that volunteer attorney time is a precious commodity and, thus, should not grant a request for counsel indiscriminately. *Cooper*, 877 F.2d at 172.

       Plaintiff provides only one reason for his request to appoint counsel: that he allegedly faces threats that jeopardize his ability to present his case or protect his safety. *See* ECF No. 97.

He does not allege that he is indigent or otherwise unable to afford counsel. Nor does he address the other factors the Court must consider in evaluating a request for counsel, including "the merits of plaintiff's case" and "his efforts to obtain a lawyer." *Cooper*, 877 F.2d at 172. Accordingly, his request is DENIED without prejudice to renewal.

Plaintiff's request to seal "filings of personal residence," ECF No. 97, is also DENIED. For one, he identifies no such filings. Nor is it clear why Plaintiff would need to make any such filings when his address of record appears to be a business in Switzerland and not South Africa, where he says he currently resides. *See* ECF No. 99. On top of that, to the extent that Plaintiff is concerned about alleged threats made by Defendant Sawatsky, sealing would do nothing to address the concern, as Sawatsky (if the communications are genuine) appears to know where Plaintiff lives already. Finally, the Court notes that many of the communications upon which Plaintiff relies occurred months ago. In light of the foregoing and the fact that there are no scheduled appearances that would require Plaintiff's in-person presence, Plaintiff's request for leave to seal address filings and appear remotely is DENIED.

Finally, Plaintiff has submitted two sworn declarations of a process server whom Plaintiff assigned to prepare and submit a Hague Service request for Defendant Robert Sawatsky. *See* ECF Nos. 98, 100. It is not clear whether Plaintiff intends either of these declarations to suffice as proof of service on the defendant. The first declaration states only that the process server received "emails from a person claiming to be Robert Sawatsky" that say, "I got served today." *See* ECF No. 98, at 1, 2 (Ex. A). The process server does not state that he served or even attempted to serve Defendant Sawatsky with the Amended Summons and Complaint. The second declaration states that the process server sent Plaintiff's emergency application to an email belonging to "a person who claimed to be Robert Sawatsky." *See* ECF No. 100, at 1.

2

Again, it does not indicate that the Amended Summons and Complaint were served.  Moreover, to the extent that Hague Service is required, this email does not appear to be adequate "evidence satisfying the court that the summons and complaint were delivered to the addressee."  *In re Coudert Bros. LLP*, No. 16-CV-8237 (KMK), 2017 WL 1944162, at *5 (quoting Fed. R. Civ. P. 4(*l*)).  To the extent that Plaintiff believes service has been effected on Sawatsky, he should show cause in writing why that is the case.  Otherwise, the Court reminds Plaintiff that he has until March 9, 2026, to serve Sawatsky and the other remaining Defendants.  *See* ECF No. 96.

      The Clerk of the Court is directed to terminate ECF No. 97.  As Plaintiff previously consented to receive electronic notice via the ECF system, *see* ECF No. 3, there is no need to mail a copy of this Order to Plaintiff.

      SO ORDERED.

Dated: November 7, 2025
      New York, New York

                                                 JESSE M. FURMAN
                                               United States District Judge