UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| **PETER NIKOLA PESIC, et al.,**<br>        **Plaintiff,**<br><br>**v.**<br><br>**MAURITIUS INTERNATIONAL**<br>**ARBITRATION CENTRE et al.,**<br>        **Defendants.** | Civil Action No. 23-CV-1100 (JMF)<br><br><br>Date**: November 26, 2025** |

**PLAINTIFF'S COMBINED MOTION FOR (1) JUDICIAL FINDINGS OF MISCONDUCT; AND (2) DISMISSAL OF ALL CLAIMS AGAINST DEFENDANT ROBERT JAY SAWATSKY BASED ON HIS SWORN ADMISSIONS THAT HE IS NOT A PARTY TO ANY CONTRACT AT ISSUE**

Plaintiff Peter Nikola Pesic ("Plaintiff"), appearing pro se, respectfully submits this combined motion requesting:

1.      Judicial findings of litigation misconduct by Defendant Robert Jay Sawatsky ("Sawatsky"), based on sworn statements, emails, documentary exhibits, and filings before this Court; and

2.      Dismissal of all claims against Defendant Robert Jay Sawatsky, because his own sworn declarations filed in this action irrefutably establish that he is not an owner, beneficial owner, principal, or contracting party of Timeline Holdings Inc., and thus has no contractual relationship with Plaintiff or Plaintiff's company.

This combined motion provides a complete record, incorporates all relevant factual materials from the docket, and seeks relief consistent with federal law, the Court's inherent authority, and binding judicial precedent.

—

**TABLE OF AUTHORITIES**

—

Cases

AJ Energy LLC v. Woori America Bank, No. 18-cv-3735 (S.D.N.Y. Sept. 25, 2019)

Ashcroft v. Iqbal, 556 U.S. 662 (2009)

Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007)

Chambers v. NASCO, Inc., 501 U.S. 32 (1991)

Katz v. Amos Treat & Co., 411 F.2d 1046 (2d Cir. 1969)

Southern New England Tel. Co. v. Global NAPs Inc., 624 F.3d 123 (2d Cir. 2010)

United States v. Dennis, 826 F.3d 683 (2d Cir. 2016)

—

**Statutes**

18 U.S.C. § 1503 (Obstruction of Justice)

18 U.S.C. § 1951 (Hobbs Act)

18 U.S.C. § 875(d) (Threats/Interstate extortion)

18 U.S.C. § 2261A (Interstate harassment/stalking)

—

Rules

Fed. R. Civ. P. 12(b)(6)

Fed. R. Civ. P. 12(c)

Fed. R. Civ. P. 11

Fed. R. Evid. 801(d)(2) (Admission by party opponent)

—

**I. INTRODUCTION**

Plaintiff respectfully submits this combined motion seeking (1) judicial findings of misconduct and (2) dismissal of all claims asserted against Defendant Robert Jay Sawatsky, based on his own sworn admissions filed in the docket.

This motion is necessary for two independent reasons:

First, the record demonstrates that Defendant Sawatsky engaged in serious litigation misconduct through threats, coercive communications, retaliation following service of process, and attempts to influence Plaintiff and the proceedings through intimidation. These documents—including the emails filed at ECF 79 and the admissions at ECF 105 and ECF 105-1—are undisputed and were authored by Defendant himself.

Second, Defendant has made multiple sworn statements that categorically establish he is not an owner, beneficial owner, officer, principal, control person, or contracting party of Timeline Holdings Inc. He denies ownership (ECF 105, p. 2), denies beneficial ownership (ECF 105-1, p. 3), and states explicitly that he "owns no unpaid fees" and is "not the owner of Timeline Holdings" (ECF 105-1, p. 4). These are binding judicial admissions and foreclose any conceivable claim against him.

—

## II. COURT'S AUTHORITY TO ISSUE JUDICIAL FINDINGS

A. Inherent Authority (Chambers v. NASCO)

Federal courts possess inherent power to:

- Protect the integrity of the judicial process

- Sanction abusive or coercive conduct

- Address misconduct that affects proceedings

- Make findings where party actions threaten fairness or administration of justice

Chambers v. NASCO, Inc., 501 U.S. 32 (1991).

This inherent authority includes the ability to issue findings of misconduct.

—

## III. FACTUAL BASIS FOR JUDICIAL FINDINGS

3

The following facts are drawn from the docket:

A. Defendant's Written Admissions (ECF 105; 105-1)

Defendant admits:

- "I became the bill collector for Ansell."

- "I admit… I drink heavily and go on rants."

- "My job was to collect for Ansell."

- "I probably said that… it's the truth."

These admissions corroborate that:

- He authored the threatening messages;

- He acted outside formal legal channels;

- His conduct occurred in the context of litigation;

- He knowingly and recklessly escalated threats.

—

B. Threatening Emails (ECF 79)

The record includes severe threatening communications authored by Defendant, including:

- "My aim is to take down Pesic Securities worldwide."

- "God help you… if [payment] does not show up."

- "I am going to wipe Pesic Securities off the earth."

- "I will continue this until you die."

- "Here I come Peter."

- "I want the money or Cathy [SEC] gets your details in 20 days."

- "I plan to end Pesic Securities forever with Kathy Shields from the SEC."

These threats are:

- Direct

- Targeted

- Repeated

- Connected to litigation events

- Coercive in nature

—

C. Retaliatory Post-Service Statement (ECF 98)

Immediately after service of process, Defendant wrote:

- "Now when Peter has attempted this bogus law suit I will be coming for him once again."

This is explicit retaliation for filing suit.

—

D. Telus Phone Records Confirm Authorship (ECF 105-2)

The same phone number appearing in emails and threatening communications appears on Defendant's Telus phone records, confirming:

- He authored the messages

- The communications were interstate

- The threats are attributable solely to him

—

## IV. MOTION TO DISMISS CLAIMS AGAINST DEFENDANT SAWATSKY

Dismissal is required because Defendant's own sworn statements eliminate essential elements of any claim.

A. Defendant Explicitly Denies Ownership or Beneficial Interest

1. ECF 105, page 2

"I deny being the owner of Timeline Holdings. I had a verbal agreement to collect with Mr. Ansell to collect the funds…"

2. ECF 105-1, page 3

"I deny I am the beneficial owner of Timeline Holdings Inc… I refer to Adrian Ansell's account or his money as his."

3. ECF 105-1, page 4

"As mentioned I am not the owner of Timeline Holdings and therefore own no unpaid fees."

These admissions constitute binding judicial admissions under Fed. R. Evid. 801(d)(2).

—

B. No Privity Means No Claim

A person with no privity cannot be liable under any contract-based claim.

—

C. Dismissal Is Proper Under Rule 12(b)(6) and 12(c)

A claim must be dismissed where:

- Essential elements are negated by admissions
- No set of facts can sustain the claim
- Amendment would be futile

Twombly and Iqbal require dismissal in precisely these circumstances.

—

D. Dismissal Does Not Affect Court's Authority to Issue Findings.

The Court may still issue findings of misconduct.

—

**V. REQUEST FOR RELIEF**

Plaintiff respectfully requests that this Court:

6

1.      Issue judicial findings that Defendant's conduct—including threats, coercive communications, retaliatory acts, and admissions—constitutes litigation misconduct warranting further review.

2.      Dismiss all claims against Defendant Robert Jay Sawatsky based on his sworn admissions disproving ownership, beneficial interest, and contractual privity.

3.      Grant such other relief as the Court deems just and proper.

—

## VI. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court For the foregoing reasons, Plaintiff respectfully requests that the Court enter judicial findings of misconduct and dismiss all claims against Defendant Sawatsky.

—

Dated November 26, 2025

Respectfully submitted,

By:_____ /s/ *Peter N. Pesic*_____

*Peter Nikola Pesic, Plaintiff Pro Se*
c/o Pesic Group (Europe) AG
Rue de Lyon 77, 2nd Floor,
Geneva GE 1203, Switzerland
Email: pnpesic@gmail.com
Phone: +1(226) 241-1826

Plaintiff's motion requesting a judicial finding of misconduct against Defendant Sawatsky is DENIED.  The Court construes the remainder of Plaintiff's request as a motion to voluntarily dismiss all claims against Defendant Sawatsky.  Pursuant to Fed. R. Civ. P. 41(a)(2), the motion is GRANTED.  Accordingly, the initial pretrial conference scheduled for **January 13, 2026 at 10:00 a.m.** is adjourned *sine die*.  The Court reminds Plaintiff that he has until March 9, 2026, to serve the remaining Defendants.  *See* ECF No. 96.

The Clerk of Court is directed to terminate Robert Sawatsky as a Defendant and terminate ECF No. 112.  As both parties previously consented to receive electronic notice via the ECF system, *see* ECF Nos. 3, 106, there is no need to mail a copy of this Order to either party.

SO ORDERED.

December 2, 2025                                          7