UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| **PETER NIKOLA PESIC, at al.,**<br>**Plaintiff,**<br><br>**v.**<br><br>**MAURITIUS INTERNATIONAL**<br>**ARBITRATION CENTRE et al.,**<br>**Defendants.** | Civil Action No. 23-CV-1100 (JMF)<br><br><br>Date: December 19**, 2025** |

### PLAINTIFF'S LETTER MOTION FOR A PROTECTIVE ORDER PURSUANT TO FED. R. CIV. P. 26(c)

JESSE M. FURMAN, United States District Judge:

Plaintiff Peter Nikola Pesic, proceeding pro se, respectfully submits this letter motion seeking a **limited protective order** pursuant to Federal Rule of Civil Procedure 26(c) and the Court's inherent authority to manage proceedings. This request is **procedural and preventive only.**

**Background**

1. This civil action is pending before the Court.

2. During the pendency of this case, Defendant Robert Jay Sawatsky has been transmitting communications to Plaintiff outside formal court-supervised channels, including communications which Plaintiff contends were unrelated to legitimate litigation practice. Based on Sawatsky's email dated October 29, 2025  ECF 98 Page 2, where he stated:  "***Now when Peter has attempted this bogus laws suite I will be coming for him  once again... Robert Sawatsky 604.612.4986***" Plaintiff  has a reason to believe that Defendant Sawatsky will continue to act in the same manner.

3. Plaintiff has also recently become aware that a **related law-enforcement investigation exists** concerning conduct that overlaps factually with matters that could otherwise become the subject of party communications in this case.

4. Plaintiff does not seek to place the substance of any such communications before

the Court, nor to litigate their legality. Plaintiff seeks only **prospective safeguards** to ensure orderly proceedings and to avoid unnecessary risk, harassment, or confusion.

## Requested Relief

Plaintiff respectfully requests that the Court enter a **narrow, temporary protective order**, providing that:

1. All communications relating to this action between Plaintiff and Defendant Sawatsky shall occur **only through formal filings on ECF or other court-authorized channels**; and

2. Defendant Sawatsky shall refrain from transmitting communications to parties or third persons **for the purpose of influencing participation in this litigation** outside court-supervised process; and

3,  Plaintiff further requests that any such order **expire automatically ninety (90) days after entry**, unless extended by the Court for good cause shown.

## Conclusion

This limited relief is intended solely to preserve orderly case management and does not prejudice any party's substantive rights. Plaintiff respectfully submits this request for the Court's consideration.

Application DENIED.  Sawatsky is no longer a party to this case, *see* ECF No. 113, and Plaintiff provides no proof that any law-enforcement proceeding is ongoing.  The Clerk of Court is directed to terminate ECF No. 122.

Dated December 19, 2025

SO ORDERED.

Respectfully submitted,

December 22, 2025

By:_____ /s/ *Peter N. Pesic*_____

*Peter Nikola Pesic, Plaintiff Pro Se*
c/o Pesic Group (Europe) AG
Rue de Lyon 77, 2nd Floor,
Geneva GE 1203, Switzerland
Email: pnpesic@gmail.com
Phone: +1(226) 271-1489

2