UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **PETER NIKOLA PESIC, at el.,**<br>      **Plaintiff,**<br>**v.**<br>**MAURITIUS INTERNATIONAL**<br>**ARBITRATION CENTRE et al.,**<br>      **Defendants.** | Civil Action No. 23-CV-1100 (JMF)<br><br>Date: April 22, **2026** |

**PLAINTIFF'S MOTION TO CERTIFY DOCKET ENTRIES**

**FOR USE IN FOREIGN CRIMINAL INVESTIGATION**

I. INTRODUCTION

Plaintiff Peter Nikola Pesic, appearing pro se, respectfully moves this Court for a limited and procedural order certifying certain docket entries in this action, including ECF No. 99, as true and correct copies of filings made in this proceeding, for use in a foreign law enforcement criminal investigation in South Africa.

Plaintiff further requests that electronic copies of such certified records be deemed sufficient for these purposes.

This motion does not seek any adjudication on the merits of the underlying conduct described in those filings.

II. PURPOSE OF THE MOTION

The purpose of this motion is limited to:

1. Authenticating and certifying that ECF No. 99 and related docket materials are accurate copies of filings submitted in this Court;

1

2. Enabling Plaintiff to present those materials to law enforcement authorities in South Africa in connection with a criminal investigation into the conduct of Defendant Robert Jay Sawatsky; and

3. Confirming that certified electronic copies of such docket entries may be used for that purpose without the need for physical certification.

Plaintiff does not request that this Court make findings of criminal liability or interpret foreign law.

III. RELEVANT DOCKET MATERIAL (ECF NO. 99)

ECF No. 99 contains documentary evidence submitted in this action, including electronic communications attributed to Defendant Robert Jay Sawatsky.

Among those communications is a statement attributed to Defendant, dated May 26, 2025, which provides:

"*I will offer Midrand police the money they need*." (ECF No. 99 ¶ 12)

This statement is relevant to the subject matter of a criminal investigation in South Africa concerning alleged bribery and related conduct involving law enforcement authorities.

IV. RELATED DEVELOPMENTS IN SOUTH AFRICA

On April 10, 2026, individuals identifying themselves as members of the Directorate for Priority Crime Investigation (Hawks) engaged Plaintiff in South Africa regarding allegations concerning potential bribery and corruption involving the Midrand police and Defendant Sawatsky.

Plaintiff seeks certification of the docket materials so that ECF No. 99, including the statement quoted above, may be formally presented in that investigative context.

V. RELEVANCE UNDER SOUTH AFRICAN LAW (FOR CONTEXT ONLY)

Plaintiff notes, for contextual purposes only, that South African law criminalizes the offering or giving of gratification to public officials, including members of the police service.

Relevant statutory provisions include:

* Prevention and Combating of Corrupt Activities Act 12 of 2004 ("PRECCA"), including:

    * Section 3 (General offense of corruption);

    * Section 4 (Corrupt activities relating to public officers); and

* South African Police Service Act 68 of 1995, which governs the conduct and integrity obligations of members of the South African Police Service.

Plaintiff includes these references solely to explain the relevance of the statement reflected in ECF No. 99 ¶ 12 to the subject matter of the investigation in South Africa.

Plaintiff does not request that this Court interpret or apply these statutes.


VI. LEGAL BASIS FOR CERTIFICATION

Federal courts have authority to certify records of their proceedings for use in other jurisdictions.

Certification of docket entries serves to:

* confirm authenticity;

* preserve evidentiary integrity; and

* facilitate reliance by external tribunals or authorities.

In modern practice, courts and clerks routinely provide electronically certified copies of records, which are widely accepted in cross-border legal processes.


VII. LIMITED NATURE OF REQUEST

This motion is strictly procedural.

Plaintiff does not request:

* findings of fact regarding Defendant's liability;

* determinations under any criminal statute;

* sanctions; or

\* referral to the United States Attorney.


VIII. REQUEST FOR RELIEF

Plaintiff respectfully requests that the Court:

1. Certify that ECF No. 99 (and any referenced attachments) constitutes a true and correct copy of filings made in this action; and

2. Grant such limited certification in a form suitable for use by foreign law enforcement authorities.


IX. CONCLUSION

Plaintiff submits this motion solely to facilitate the proper and authenticated use of this Court's records in a foreign criminal investigation and respectfully requests that the Court grant the limited certification described above.


    Dated April 22, 2026



    Respectfully submitted,


    By:   /s/ Peter N. Pesic

Plaintiff should contact the Records Office at 212-805-0715 to request certification of the docket entry.  The Clerk of Court is directed to terminate ECF No. 137.

    SO ORDERED.

April 27, 2026

*Peter Nikola Pesic,*
*Plaintiff, Pro se*
c/o Pesic Group (Europe) AG
Rue de Lyon 77, 2nd Floor,
Geneva GE 1203, Switzerland
Email: pnpesic@gmail.com
Phone: +1(226) 241-1846

4